IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

FILED
JAN 17 2003
SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

DAVID CARR,

    Petitioner,

v.                                    Civil Action No. 2:02-1418

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,
WEST VIRGINIA PAROLE BOARD,
DOUGLAS STUMP, Chairman of Board,
GOVERNOR BOB WISE, Chief Executive Officer,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2254. Pro se Petitioner, David Carr, is incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings and a recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, a section 2254 petition "shall be examined promptly by the judge to whom it is assigned. If it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**PROCEDURAL HISTORY**

Petitioner was convicted of one count of first degree sexual assault, one count of burglary, and two counts of aggravated robbery. Petitioner was sentenced to 10 to 20 years on the sexual assault charge, 1 to 15 years on the burglary charge and 30 years on each of the aggravated robbery charges. The sentences were to run concurrently to one another.[1]

Petitioner has been incarcerated through the West Virginia Department of Corrections since August 9, 1983. Petitioner first became eligible for parole consideration in February of 2001. He has been denied parole twice since that time, on February 6, 2001 and February 4, 2002. Following both of those denials, the Parole Board completed its standard parole recommendation/decision form. (See Exs. A and B to Petition, # 2).

Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on March 29, 2001. That petition asserted that the West Virginia Parole Board denies mandatory parole in an arbitrary and capricious manner, using subjective criteria. However, the petition does not specifically mention Petitioner's parole denials. (See # 2 at Ex. M).

---

[1] The court notes that Petitioner presently has pending in the United States District Court for the Southern District of West Virginia another section 2254 petition addressing numerous issues concerning his convictions and sentences. The court is awaiting a response to the petition by the Respondent in that matter. Thereafter, the petition will receive an exhaustive review.

On June 28, 2002, the Circuit Court of Kanawha County issued an order denying Petitioner's petition. (Id. at Ex. G). Petitioner filed a petition for appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV") on July 11, 2002. The SCAWV refused the petition on October 31, 2002. (Id. at Ex. H). Petitioner then filed the instant federal petition on December 9, 2002.

Petitioner makes the following claims: (1) that the Parole Board has violated Petitioner's constitutional and statutory rights to a "protected liberty interest" in parole by denying him parole in an arbitrary and capricious manner; and (2) that the criteria for evaluating an individual's fitness for parole provided in West Virginia Code § 62-12-13 are unconstitutionally subjective.

## ANALYSIS

In Greenholtz v. Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979), the United States Supreme Court held that, while a state is not constitutionally required to provide a system for release of inmates on parole, if a state chooses to institute a parole system, the procedures utilized in the system must meet due process standards. Id. at 8, 15-16. Furthermore, the United States Court of Appeals for the Fourth Circuit has held that, even if a parole statute creates a liberty interest, an inmate is merely entitled to minimal procedure, which at most consists of a statement of reasons for the denial of parole. See Vann v. Angelone, 73 F.3d 519, 522

(4th Cir. 1996). The <u>Vann</u> decision further states that a federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." <u>Id.</u>

Section 62-12-13 of the West Virginia Code provides, in pertinent part, as follows:

> The board of parole, whenever it is of the opinion that the best interests of the state and of the inmate will be served, and subject to the limitations hereinafter provided, <u>shall</u> release any such inmate on parole for terms and upon conditions as are provided by this article.

W. Va. Code § 62-12-13 (a) (emphasis added). Clearly, the mandatory word "shall" is conditioned upon the Parole Board's finding that the parole of a particular inmate is in the best interests of the state and the inmate. A mere finding that parole is not in the best interests of the inmate or the state, however, is insufficient. A denial must be supported by written reasons. See <u>Sites v. McKenzie</u>, 423 F. Supp. 1190, 1196 (N.D. W. Va. 1976).[2]

In <u>Tasker v. Mohn</u>, 267 S.E.2d 183 (W. Va. 1980), the SCAWV found that the West Virginia parole statute creates a reasonable expectation interest in parole to those prisoners meeting its objective criteria. Thus, the court found that release on parole is a substantial liberty interest, and that parole procedures must

---

[2] This decision, which is cited by Petitioner, was rendered prior to the amendment of the West Virginia parole statute. The West Virginia Parole Board has developed certain criteria for parole consideration, and now provides written reasons for each parole denial.

4

meet due process requirements. Id. at Syl. Pt. 3. In accordance with Greenholtz, however, there is no due process violation where the Parole Board provides the minimal procedures required.

The evidence of record indicates that the Parole Board considered all applicable statutory factors, and that Petitioner received a written statement of the reasons for the denial of his parole. Accordingly, the court proposes that the District Court **FIND** that there was no violation of Petitioner's due process rights arising out of the denial of parole to Petitioner on February 6, 2001 or February 4, 2002. The court further proposes that the District Court **FIND** that, in accordance with section 2254(d), the state court decisions did not involve an unreasonable application of, nor were such decisions contrary to United States Supreme Court precedent.

As to Petitioner's allegations that the Parole Board's decisions were arbitrary and capricious and that the criteria are subjective, as stated above, the federal courts must not involve themselves in the merits of individual parole decisions. Thus, the court proposes that the District Court defer to the discretion of the Parole Board and the state courts. See Vann 73 F.3d at 522.

The court further proposes that the District Court **FIND** that Petitioner has not shown any ex post facto violation which would warrant relief under section 2254.

5

For the reasons stated herein, it is respectfully **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (# 2), and **DENY** Petitioner's Application to Proceed in forma pauperis (# 1).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

Jan. 17, 2003
Date

Mary E. Stanley
United States Magistrate Judge