```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

DAVID CARR,

    Petitioner

v.                                    Civil Action No. 2:02-1418

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,
WEST VIRGINIA PAROLE BOARD,
DOUGLAS STUMP, Chairman of the Board,
GOVERNOR BOB WISE, Chief Executive Officer,

    Respondents


## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Proposed Findings and Recommendation ("PFR") of United States Magistrate Judge Mary E. Stanley, filed January 17, 2003, and made pursuant to the provisions of 28 U.S.C.A. § 636(b)(1)(B). Petitioner filed, on May 7, 2003, his response to the magistrate judge's recommendation ("objections"). The court has reviewed the record de novo.

Petitioner's objections are lengthy, consisting of twenty-four pages, and in large part reiterate the arguments of his petition. His only specific objection to the magistrate

judge's report appears to be to her reliance on <u>Vann v. Angelone</u>, 73 F.3d 519 (4th Cir. 1996), which she cites in determining that "federal courts must not involve themselves in the merits of individual parole decisions," and suggesting that the court "defer to the discretion of the [p]arole [b]oard and the state courts."  (PFR at 5.)

Petitioner, who was first considered for parole in February 2001, argues that between 1986 and 2001, W.Va. Code § 62-12-13 created a "protected liberty interest" in "mandatory" parole as evidenced by statutory revisions in those years. According to his reasoning, the 1986 changes obligated the parole board to grant his request for parole if statutory conditions were met, thereby establishing a "constitutional right" to parole in West Virginia until the statute again was revised in 2001. (Obj. at 11, 23-24.)  Because of that right, he contends, <u>Vann</u> is inapplicable inasmuch as the <u>Vann</u> "court stated that it would not interfere because there was 'no constitutional right' to parole in Virginia," the state where the <u>Vann</u> petitioner had been convicted.  (Obj. at 5.)  He concludes that he has an "<u>ex post facto</u>" right to parole based on the statute as it existed between 1986 and 2001.  (Obj. at 2.)

2

I.

Contrary to petitioner's argument, it is not possible to "create" a constitutional right to parole by the enactment of a state statute. Vann, which petitioner seeks to distinguish from his own case, clearly stated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Vann v. Angelone, 73 F.3d 519, 521 (1996) quoting Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Inasmuch as Vann refers to a federal constitutional right, its discussion in that regard is not limited to any one state. It appears clear, then, that petitioner cannot overcome the applicability of Vann based on his assertion that constitutional rights vary from state to state.

Because there is no constitutional right, federal courts "recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann, 73 F.3d at 522 Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)(en banc).

3

The West Virginia Supreme Court has found that, where objective criteria are met[1], inmates have a "reasonable expectation" of parole.  <u>Tasker v. Mohn</u>, 267 S.E.2d 183, 187 (W.Va. 1980).  Petitioner argues that West Virginia Code § 62-12-13, as amended in 1986, afforded an inmate "mandatory" parole relief, rather than simply a reasonable expectation, if the statutory criteria were met.  Prior to the 1986 amendments, W.Va. Code § 62-12-13 provided as follows:

> The board of parole, whenever it is of the opinion that the best interests of the state and of the prisoner will be subserved thereby, and subject to the limitations hereinafter provided, <u>shall have the authority to release</u> any such prisoner on parole for such terms and upon such conditions as are provided by this article.

W. Va. Code § 62-12-13 (1981)(emphasis added).  After the 1986 changes, that statute remained substantially the same, except that the phrase "shall have the authority to release" was replaced by the phrase "shall release."  The section was not amended in 2001, as petitioner contends.  No substantive changes have been made to the statute since at least the initial date of

---

[1]   The criteria for parole eligibility set forth in W.Va. Code § 62-12-13(b)(1) are that the inmate: has served the minimum term of his sentence, is not in segregation as the result of disciplinary action, has maintained a record of good conduct for at least three months, has submitted a written parole release plan to the board, and has satisfied the board that, if released on parole, he will not constitute a danger to the community.

petitioner's incarceration, August 9, 1983.  It now reads much the same as in 1983:

> The board of parole, whenever it is of the opinion that the best interests of the state and of the inmate will be served, and subject to the limitations hereinafter provided, shall release an inmate on parole for terms and upon conditions as are provided by this article.

W. Va. Code § 62-12-13(a) (2000).

Petitioner has cited only that portion of the statute which states that the parole board "shall release any such prisoner on parole."  He ignores the first portion of W.Va. Code 62-12-13(a), which contains the qualifying language that the board shall grant release only when "it is of the opinion that the best interests of the state and of the prisoner" will be served.  This language unequivocally grants the parole board the discretion to grant or deny parole.  Because this language has been present in the statute at all relevant times, the parole board has maintained its discretion and the board's grant of parole is not, and has not been, mandatory.

The court finds that the parole board complied with its obligations consistent with due process requirements.  In Vann, the court stated as follows:

> Even where this court has found that a parole statute establishes a liberty interest, we have held that inmates are entitled to no more than minimal procedure. At most, we have held that parole authorities must "furnish to the prisoner a statement of its reasons for denial of parole." Franklin [v. Shields, 569 F.2d 784 (4th Cir. 1977)] at 784; see also Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986). In sum, whether or not a liberty interest exists, federal courts must defer to state agencies applying state laws and thus their oversight of state parole proceedings has been extremely limited.

Id. at 522. Due process requires only that the parole board "furnish the prisoner a statement of its reasons for denial of parole." Id. (quoting Franklin, 569 F.2d at 784).

Petitioner received such a statement. Parcel to his argument that Vann does not apply, petitioner states that his parole was denied in part based on the board's "standard checkoff" form, which he attached, together with the parole board's February 6, 2001, determination, to his petition. (Obj. at 4; Pet. Exh. A.) He contends that the board's consideration of whether his release would be in the "best interest of society" is a subjective standard ruled unconstitutional by Sites v. McKenzie, 423 F.Supp. 1190 (N.D. W.Va. 1976) and criticized by the dissent in State ex rel. Stollings v. Haines, 569 S.E.2d 121 (W.Va. 2002).

The <u>Sites</u> court wrote that the "'best interest' parlance of the statute has little value and the vagueness of its standards certainly warrant legislative attention. . . . However, the statute might survive a declaration of unconstitutionality by a formulation and dissemination . . . of meaningful criteria . . . ."  423 F.Supp. at 1196.  The standard form completed by the parole board shows consideration of 15 factors leading to its conclusion that petitioner's "release on parole would [not] be compatible with – or in the best interest of – society in general."  The board's decision does not appear to be arbitrary as petitioner contends.  The magistrate judge appropriately found that petitioner received a written statement of the reasons for denial of parole, thus meeting the "minimal procedure" requirements of <u>Franklin</u> and <u>Vann</u>.  (PFR at 5.)

### III.

For the reasons stated, and having reviewed the record <u>de novo</u>, the court rejects petitioner's objections.  Accordingly, it is ORDERED that the Proposed Findings and Recommendation of the magistrate judge be, and the same hereby are, adopted by the court in their entirety.  It is further ORDERED that petitioner's action for habeas corpus relief, filed pursuant to the provisions

of 28 U.S.C. § 2244 and styled "writ of habeas corpus (appeal),"
be, and it hereby is, dismissed.

      The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner and to all counsel of record.

      DATED: April 29, 2005

      John T. Copenhaver, Jr.
      United States District Judge